*E-Filed 11/15/11*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE B. ORTIZ,

    Petitioner,

    v.

ANTHONY HEDGPETH,

    Respondent.

No. C 05-3067 RS (PR)

**ORDER TO SHOW CAUSE**

## INTRODUCTION

This is a federal habeas corpus action filed pursuant to 28 U.S.C. § 2254 by a *pro se* state prisoner. The petition was stayed pending exhaustion of state judicial remedies. The action has been reopened and the amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, in 2000, a San Benito County Superior Court jury convicted petitioner of murder. Consequent to the verdict, petitioner was sentenced to 50 years-to-life in state prison.

**DISCUSSION**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner claims that (1) there was insufficient evidence to support the murder conviction; (2) he was denied a full and fair hearing on his motion to suppress under the Fourth Amendment; (3) the trial court violated his right to due process by making prejudicial comments and "ruling out" some lesser included felonies as being unsupported by the evidence; (4) he was denied due process when the trial court denied his requests for two pinpoint instructions;[1] (5) he was denied due process when the trial court instructed the jury with CALJIC No. 1.22; (6) the prosecutor withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); and (7) there was cumulative error. Liberally construed, Claims 1 and 3–7 appear to be cognizable in a federal habeas action. Claim 2, however, will be DISMISSED without leave to amend. Such claims are not generally cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 481–82, 494 (1976), bars federal habeas review of Fourth Amendment claims unless the state did not provide an opportunity for full and fair litigation of those claims. The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims.

---

[1] This is a consolidation of Claims 4 & 6 in the amended petition.

*See Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law).  California state procedure provides an opportunity for full litigation of a Fourth Amendment claim.  *See* Cal. Pen. Code § 1538.5.

**CONCLUSION**

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondents and respondents' counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondents shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondents' counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondents may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If respondents file such a motion, petitioner shall file with the Court and serve on respondents an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondents shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondents by mailing a true copy of the document to respondents' counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondents informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**8. The persons listed as respondents in the petition are not now the proper respondents in this action.  Anthony Hedgpeth, Warden of Soledad State Prison, is the proper respondent in this action, as he is the custodian having day-to-day control over petitioner, the only person who can produce "the body" of the petitioner.** *Brittingham v. United States*, **982 F.2d 378, 379 (9th Cir. 1992) (quoting** *Guerra v. Meese*, **786 F.2d 414, 416 (D.C. Cir. 1986)).  The Clerk shall change the docket to list Anthony Hedgpeth as sole respondent in this action.**

**IT IS SO ORDERED**.

DATED: November 15, 2011

RICHARD SEEBORG
United States District Judge