United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JOSE B. ORTIZ,

           Petitioner,

   v.

ANTHONY HEDGPETH, Warden,

           Respondent.

_____/

No. C 05-3067 RS (PR)

**ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

## INTRODUCTION

Petitioner seeks federal relief from his state convictions. For the reasons set forth below, his petition for such relief is DENIED.

## BACKGROUND

In 2002, a San Benito County Superior Court jury convicted petitioner of first degree murder and found that he had personally discharged a firearm, consequent to which he received a sentence of 50 years to life in state prison. He was denied relief on state judicial review. This federal habeas petition followed.

United States District Court
For the Northern District of California

1    Evidence presented at trial showed that petitioner killed Jeana Jolivette, an adult

2  female he knew through her ex-boyfriend, Alfred.  On Super Bowl Sunday of 2000, Jeana

3  asked petitioner if she could spend the night at his house.  He agreed, though noting that such

4  an arrangement might bother his girlfriend, and transported her belongings to his house.  That

5  night, petitioner, Jeana, and others spent several hours at petitioner's house talking, drinking,

6  and smoking methamphetamine.  The group included Isidro Rojas, petitioner's friend, and

7  Bernice Kievlan, Jeana's friend.  Twelve days later, Jeana's burnt corpse was found at a

8  garbage dump, wrapped in carpet and tied with rope.  Her possessions were found nearby.

9    Searches of petitioner's house yielded several cans of gasoline, carpet, rope, a .25

10  caliber round of ammunition under petitioner's bed, and a blood stain on the bedroom floor.

11  The carpet and rope were consistent with those found wrapped around Jeana's body.  Blood

12  samples taken from the floor shared the same DNA profile with samples taken from Jeana's

13  corpse.  Officers also recovered Jeana's pager from the wheel well of a car registered to

14  petitioner and parked in his uncle's driveway.

15    Officers also found a handgun at the home of petitioner's uncle, where petitioner had

16  told Rojas he hid it during the investigation.  According to a ballistics expert, the gun could

17  have fired the bullets removed from Jeana's body.  Moreover, the gun was missing a spring,

18  so its shooter would have had to hold the magazine in place in order to fire the gun more than

19  once.  At trial, petitioner's former roommate testified that petitioner owned a gun similar to

20  the one recovered and that, when fired without holding the magazine in place, would not fire

21  a second round.

22    As grounds for federal habeas relief, petitioner claims that (1) there was insufficient

23  evidence of premeditated murder; (2) the first search of his house was not supported by

24  probable cause; (3) the trial judge made a prejudicial comment to the jury concerning lesser

25  included offenses; (4) the trial court wrongly denied his request for a pinpoint instruction on

26  third-party culpability; (5) the trial court wrongly denied his request for a pinpoint instruction

27  relating motive to premeditation; (6) the jury was given the wrong definition of "malice" for

28

No. C 05-3067 RS (PR)
ORDER DENYING HABEAS PETITION

1  purposes of murder; (7) the prosecution failed to disclose favorable evidence; and (8) the

2  cumulative effect of these errors deprived petitioner of a fair trial.

### STANDARD OF REVIEW

4        This Court may entertain a petition for a writ of habeas corpus "in behalf of a person

5  in custody pursuant to the judgment of a State court only on the ground that he is in custody

6  in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

7  A writ of habeas corpus may not be granted with respect to any claim adjudicated on the

8  merits in state court unless the state court's adjudication: "(1) resulted in a decision that was

9  contrary to, or involved an unreasonable application of, clearly established Federal law, as

10 determined by the Supreme Court of the United States; or (2) resulted in a decision that was

11 based on an unreasonable determination of the facts in light of the evidence presented in the

12 State court proceeding." 28 U.S.C. § 2254(d). The first prong applies to questions of law and

13 to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407–09 (2000), while

14 the second prong applies to decisions based on factual determinations. *Miller El v. Cockrell*,

15 537 U.S. 322, 340 (2003).

16       Under the first prong, a state court decision will be deemed contrary to clearly

17 established federal law only if "the state court arrive[d] at a conclusion opposite to that

18 reached by [the Supreme] Court on a question of law or if the state court decide[d] a case

19 differently than [the Supreme] Court has on a set of materially indistinguishable facts."

20 *Williams*, 529 U.S. at 412–13. A state court decision will be deemed an unreasonable

21 application of clearly established federal law "if the state court identifie[d] the correct

22 governing legal principle from [the Supreme] Court's decisions but unreasonably applie[d]

23 that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may

24 not issue the writ simply because that court concludes in its independent judgment that the

25 relevant state-court decision applied clearly established federal law erroneously or

26 incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

27

28

United States District Court
For the Northern District of California

I.    **Sufficiency of the Evidence**

Petitioner claims that there was insufficient evidence to support his conviction for first degree murder.  The state appellate court concluded that the conviction was "supported by substantial evidence":  "[Petitioner] had to retrieve his gun and use special care and procedures to repeatedly fire the weapon. He repeatedly fired at Jeana's vital body parts: her face, neck and chest.  These facts, together with evidence that [petitioner] may have developed a conflict with Jeana support the conclusion that Jeana's murder was premeditated and deliberate."  (Ans., Ex. 7 at 14.)

When reviewing a state court's conviction, a federal court must determine only whether, "after viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact* could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt may the writ be granted. *Id.* at 324.  In sum, "the only question under *Jackson* is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 132 S. Ct. 2060, 2065 (2012).

In California, first degree murder is the premeditated and deliberate unlawful killing of another with malice aforethought. *See* Cal. Penal Code §§ 187 & 189.  A premeditated killing under California law is a "killing [that] was the result of preexisting reflection and weighing of considerations rather than mere unconsidered or rash impulse." *People v. Prince*, 40 Cal. 4th 1179, 1253 (2007) (citations omitted).  The process of premeditation and deliberation "does not require any extended period of time." *People v. Koontz*, 27 Cal. 4th 1041, 1080 (2002) (citations omitted).  "The true test is not the duration of time as much as it is the extent of the reflection.  Thoughts may follow each other with great rapidity and cold, calculated judgment may be arrived at quickly." *Id.*  Planning activity, motive and the manner of the killing are significant, though not the exclusive, factors to consider when determining whether the killing was a result of preexisting reflection. *Prince*, 40 Cal. 4th at

United States District Court
For the Northern District of California

No. C 05-3067 RS (PR)
ORDER DENYING HABEAS PETITION

1 | 1253 (citations omitted).

2 |       Under these legal principles, petitioner's claim cannot succeed. The state appellate
3 | court reasonably determined that a rational trier of fact could have found the elements of
4 | premeditation and deliberation true beyond a reasonable doubt. First, the record shows that
5 | petitioner had to retrieve his handgun from a place not immediately accessible in order to
6 | shoot and kill Jeana, allowing time for reflection and consideration. Evidence that a person
7 | had to retrieve his rifle from his truck in order to commence a fatal attack supported that
8 | jury's finding of premeditation. *People v. Thomas*, 2 Cal. 4th 489, 517–18 (1992). Similarly,
9 | petitioner clearly demonstrated premeditation by purposefully retrieving his handgun in order
10 | to shoot and kill his houseguest.

11 |       Second, petitioner shot Jeana multiple times with a weapon that did not easily allow
12 | for rapid or successive shooting. Testimony showed that petitioner's defective, semi-
13 | automatic handgun required that he choose between and carry out certain acts before firing
14 | even a second round. Specifically, petitioner had to reload his gun manually after each
15 | discharge or jam the clip inside the magazine in order to fire more than once. Such exercise
16 | evidences premeditation.

17 |       Third, petitioner targeted Jeana's face, neck, and torso — all vital body parts. Bullets
18 | so aimed may indicate "that the killing occurred as the result of [premeditation] rather than
19 | unconsidered or rash impulse." *People v. Pride*, 3 Cal. 4th 195, 247 (1992). Gunshots on a
20 | vital body part, such as the head, usually requires that the shooter's aim be so "particular and
21 | exacting" as to warrant an inference of premeditation. *Thomas*, 2 Cal. 4th at 518 (quoting
22 | *People v. Cruz*, 26 Cal. 3d 233, 245 (1980)). The targeting is thus evidence of premeditation
23 | and deliberation.

United States District Court
For the Northern District of California

No. C 05-3067 RS (PR)
ORDER DENYING HABEAS PETITION

5

On such a record, the jury's finding was not so insupportable as to fall below the bare threshold of rationality. *Coleman*, 132 S. Ct. at 2065. Accordingly, petitioner's first claim is DENIED.[1]

## II.    Search Warrant

Petitioner claims that his rights under the Fourth Amendment were violated when the state courts wrongly determined that the first search of his residence was supported by probable cause. Habeas relief is not warranted on this claim. Fourth Amendment claims are barred from federal habeas review unless the state did not provide an opportunity for full and fair litigation of those claims. *Stone v. Powell*, 428 U.S. 465, 481–82, 494 (1976). The existence of a state procedure allowing an opportunity for full and fair litigation of Fourth Amendment claims, rather than a defendant's actual use of those procedures, bars federal habeas consideration of those claims. *See Gordon v. Duran*, 895 F.2d 610, 613–14 (9th Cir. 1990) (whether or not defendant litigated Fourth Amendment claim in state court is irrelevant if he had opportunity to do so under California law). California state procedure provided an opportunity for full litigation of petitioner's Fourth Amendment claim. *See id.*; Cal. Pen. Code § 1538.5. Accordingly, this claim is DENIED.

## III.    Trial Court's Comment on Lesser Included Offenses

Petitioner claims that the trial judge made a prejudicial comment to the jury concerning the applicability of some of the lesser included offenses. He argues that this comment unfairly directed the verdict.

In his final instruction to the jury, the trial court stated:

> Whether some instructions apply will depend on what you find to be the facts. [¶] Disregard any instruction which applies to facts determined by you not to exist, and . . . do not conclude that because an instruction has been given I am expressing an opinion as to the facts. [¶] As an example, I've instructed you on all legally possible lesser offenses. I do not believe the evidence supports a finding . . . on some of the lessers . . . but I am afraid or believe that I must instruct

---

[1] Petitioner's claim regarding the prosecution's failure to establish a clear motive is without merit. California law does not require the prosecution to prove motive in order to succeed on a charge of first degree murder. *People v. Edwards*, 54 Cal. 3d 787, 814 (1991).

No. C 05-3067 RS (PR)
ORDER DENYING HABEAS PETITION

*United States District Court*
*For the Northern District of California*

United States District Court
For the Northern District of California

1   the jury on all legally possible lesser offenses. . . Each of you must
    decide this case for yourself.
2

3   (Ans., Ex. 2, Vol. 9 at 2032–33.) Defense counsel moved for a mistrial. Outside the

    presence of the jury, the trial court addressed and denied the motion:
4

5       The evidence does show that the victim in this case is dead. It is not an
        attempted murder. If it's a murder, it's a completed murder or it's nothing at
6       all. It's not an attempted premeditated murder, it's a . . . completed murder, if
        it's a murder at all, and I won't even discuss the other lessers and their
7       applicability to the evidence. [¶] But as I advised both lawyers yesterday in
        instructing on an attempt where there is a dead body, I feel a little stupid except
8       that there is some case law that says [petitioner's] entitled to have . . . the jury
        instructed on all possible lessers, and I have complied with that request. The
9       defense was not in agreement with deleting any of them, so I have to instruct
        and I will deny and do deny a mistrial.

10  (Id., Ex. 7 at 23.) The state appellate court rejected petitioner's claim. It reasoned that the

11  trial court's comments were "a proper comment on the evidence." (Id. at 25.) Jeana's death

12  rendered the lesser included offense of attempted murder "undisputedly inapplicable." (Id.)

13  Also, "any harm was remedied by the court's instruction that the jury was to ignore any

14  implication by the court that [petitioner] was guilty or innocent of any particular charge."

15  (Id.)

16      "A trial judge must always remain fair and impartial." *Duckett v. Godinez*, 67 F.3d

17  734, 739 (9th Cir. 1995) (citation omitted). He must "avoid even the appearance of advocacy

18  or partiality." *Id.* (citation omitted). Yet, the judge is "more than an umpire." *United States*

19  *v. Laurins*, 857 F.2d 529, 537 (9th Cir. 1988). It is perfectly appropriate for a judge to "take

20  part where necessary to clarify testimony and assist the jury in understanding the evidence."

21  *Duckett*, 67 F.3d at 739 (quoting *United States v. De Sisto*, 289 F.2d 833, 834 (2d Cir.1961)).

22  A federal habeas court must determine only whether the state judge's behavior "rendered the

23  trial so fundamentally unfair as to violate federal due process." *Id.* at 740.

24      Habeas relief is not warranted here. The state appellate court's decision was

25  reasonable. First, the record shows that the comment was included within in a larger

26  statement that properly instructed the jury to form its own conclusions about the applicability

27  of each offense without regard to contradictory commentary. Second, the comment was

28

1    accurate. Jeana was dead. A finding of attempted murder is legally impossible. Third, any

2    possible harm was cured by the trial court's clear instructions that the jury was the final

3    determiner of guilt. This Court must presume that the jury followed its instructions.

4    *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). Accordingly, this claim is DENIED.

5    **IV.    Denial of Pinpoint Instructions**

6            Petitioner claims that he was denied due process of law and his right to present a

7    defense when the trial court refused his request for two pinpoint instructions, one on third-

8    party culpability, the other relating motive to premeditation. A state court's refusal to give a

9    requested instruction cannot, by itself, serve as grounds for a cognizable claim in a federal

10   habeas corpus proceeding. *Estelle v. McGuire*, 502 U.S. 62, 71–72 (1991). Rather, the

11   refusal must have so infected the trial that the accused was thereby deprived of due process

12   of law. *Dunckhurst v. Deeds,* 859 F.2d 110, 114 (9th Cir. 1988).

13           **A.    Instruction on Third-Party Culpability**

14           At trial, the court refused to give the following instruction on third-party culpability:

15               . . . The defendant in this case has introduced evidence for the purpose
                 of showing that another person or persons committed the crime for
16               which he is here on trial. If, after a consideration of all the evidence,
                 you have a reasonable doubt that the defendant committed the charged
17               crime, you must find him not guilty.

18   (Ans., Ex. 1, Vol. 3 at 646.) The state appellate court concluded that other instructions

19   adequately embodied the above instruction. (*Id.*, Ex. 7 at 28.)

20           Due process requires that a proposed instruction be given only if the evidence

21   supports it. *Hopper v. Evans*, 456 U.S. 605, 611 (1982); *Menendez v. Terhune*, 422 F.3d

22   1012, 1029 (9th Cir. 2005). Habeas relief is not warranted on this claim because other

23   instructions adequately embodied his defense theory. Specifically, CALJIC No. 2.90 and

24   other standard instructions given at petitioner's trial clearly communicated the point of an

25   instruction on third-party culpability, thereby rendering any such instruction redundant. *See*

26   *People v. Wright*, 45 Cal. 3d 1126, 1134 (1988). Thus, petitioner cannot argue that the trial

27   court's refusal to grant his proposed instruction violated his right to present a defense.

28

1 Petitioner's claim is DENIED.

2 **B.     Instruction on Motive and Premeditation**

3    The trial court also denied petitioner's instruction relating motive to premeditation.

4 The proposed instruction read:

5    The defendant in this case has introduced evidence for the purpose of showing that he had no motive to commit the killing and had no prior
6    relationship with the victim.  You should consider such evidence, in addition to all of the other circumstances, in deciding whether the
7    killing was willful, deliberate and premeditated.  If from all the evidence you have a reasonable doubt whether the defendant willfully
8    premeditated and deliberated, you must find that he did not.

9 (Ans., Ex. 1, Vol. 3 at 632.)  The state appellate court concluded that other instructions

10 adequately embodied the above instruction.  (*Id.*, Ex. 7 at 28.)

11    Again, a defendant is not entitled to a proposed instruction when the given

12 instructions adequately embody the theory of defense.  *United States v. Del Muro*, 87 F.3d

13 1078, 1081 (9th Cir. 1996); *U.S. Tsinnijinnie*, 601 F.2d 1035, 1040 (9th Cir. 1979).  In this

14 case, the jury was properly instructed on motive and its relation to the crime charged.

15 Pursuant to CALJIC No. 2.51, the jury was told:

16    Motive is not an element of the crime charged and need not be shown. However, you may consider motive or lack of motive as a
17    circumstance in this case.  Presence of motive may tend to establish the defendant is guilty.  Absence of motive may tend to show the
18    defendant is not guilty.

19 (Ans., Ex. 7 at 28.)  Because this standard instruction covered the issue of motive,

20 petitioner's proposed instruction would have simply repeated its essential content.  Thus,

21 even though the court denied petitioner's proposed instruction on motive and premeditation,

22 the jury was not precluded from considering the lack of an apparent motive when deciding

23 petitioner's case.  For this reason, petitioner's claim is DENIED.

24 **V.    CALJIC No. 1.22**

25    Petitioner also claims that the trial court violated due process when it wrongly defined

26 malice using CALJIC No. 1.22.  The state appellate court agreed that the use of No. 1.22 was

27 in error, but that such error was harmless because the jury also received No. 8.11, which was

28

United States District Court
For the Northern District of California

No. C 05-3067 RS (PR)
ORDER DENYING HABEAS PETITION

1   the correct malice instruction.  (Ans., Ex. 7 at 29.)

2          In the event that a trial court provided two instructions on the same issue, one of

3   which was erroneous, the error will be deemed harmless so long as the jury's verdict did not

4   depend on the erroneous definition.  *Garnes v. Lamarque*, 306 Fed. App'x. 374, 375 (9th Cir.

5   2009) (erroneous use of CALJIC No. 1.22 was harmless when coupled with CALJIC No.

6   8.66, correctly defining attempted murder, and where the verdict did not rest on the erroneous

7   instruction); *see also People v. Shade*, 185 Cal. App. 3d 711, 715 (1986).

8          In this case, the trial court wrongly defined malice using CALJIC No. 1.22, but it also

9   properly defined malice aforethought using CALJIC No. 8.11.  In addition, the prosecution

10  correctly defined malice aforethought in its closing argument, thereby clarifying any

11  ambiguity.  Regardless, the jury found petitioner guilty of first degree murder and so relied

12  on a finding of premeditation, not malice or malice aforethought.  Thus, the error was

13  harmless.  It was entirely reasonable for the state courts to determine that the erroneous

14  instruction did not infect the trial or otherwise violate petitioner's constitutional rights.

15  Moreover, defense counsel requested the erroneous instruction at trial, and it is "the rare case

16  in which an improper instruction will justify reversal of a criminal conviction when no

17  objection [was made at trial]."  *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).  Accordingly,

18  petitioner's claim is DENIED.

19  **VI.    Favorable Evidence**

20         Petitioner claims that the prosecution suppressed three items of material, exculpatory

21  evidence.  These items included two blood samples and one piece of carpet.  Petitioner

22  argues that the suppression of these items constituted a *Brady* violation.

23         A federal court will not review a question of federal law decided by a state court if the

24  state court's decision rests on a state law ground that is independent of the federal question

25  and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 729–30 (1991).

26  In this case, petitioner's *Brady* claim was independently and adequately barred by the San

27  Benito County Superior Court for procedural default.  (Ans., Ex. 11.)  Even so, this Court

28

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1   finds that petitioner's claim lacks merit.

2       In *Brady v. Maryland*, the Supreme Court ruled that the suppression of evidence, so

3   long as it is favorable to the accused, violates due process when the evidence is material to

4   guilt or punishment.  373 U.S. 83, 87 (1963).  Subsequent case law has made it clear that a

5   *Brady* claim will succeed only if (1) the suppressed evidence was favorable to the accused,

6   because it was exculpatory or impeaching; (2) the prosecution suppressed the evidence, either

7   willfully or inadvertently; and (3) prejudice resulted.  *Strickler v. Greene*, 527 U.S. 263,

8   281–82 (1999); *United States v. Bagley*, 473 U.S. 667, 676 (1985).  Delay in disclosure does

9   not itself violate due process.  Due process requires only the disclosure of exculpatory

10  material at a time when the defendant may nonetheless make effective use of the material.

11  *Reiger v. Christensen*, 789 F.2d 1425, 1432 (9th Cir. 1986) (no *Brady* violation when

12  disclosure was made at pretrial conference); *United States v. Vgeri*, 51 F.3d 876, 880 (9th

13  Cir. 1995) (no *Brady* violation when disclosure during trial still allowed the accused to make

14  use of the evidence).

15      In this case, the evidence at issue was not favorable to petitioner, and yet, it was

16  nevertheless disclosed at a time when petitioner could have made use of it had he so wished.

17  First, the evidence supported the prosecution's view that Jeana bled on petitioner's carpet,

18  not someone else's or a carpet of another kind, before petitioner wrapped her dead body in it.

19  (Ans., Ex. 2, Ex. 7 at 1563–64.)  Thus, the evidence was not exculpatory.  Second, petitioner

20  obtained these items before trial began.  (Ans. at 22.)  Therefore, he was able to use this

21  evidence had he so wished.  Also, it is uncertain that the prosecution was responsible for the

22  delay in disclosure, since the items were difficult to locate, and the prosecution cooperated

23  with the defense in locating them.  (Pet. at 13–14; Ans., Ex. 3 at 10–11.)  Because the

24  evidence at issue was not favorable to petitioner's case and was nonetheless disclosed before

25  trial, petitioner's reference to "bad acts" by an investigator no longer working at the District

26  Attorney's office does not alter the analysis.  Petitioner also fails to specify what these "bad

27  acts" are.  For these reasons, petitioner's claim fails.

28

United States District Court
For the Northern District of California

## VII.  Cumulative Error

Lastly, petitioner claims that the cumulative effect of the errors alleged in this petition deprived him of a fair trial.  Habeas relief is not warranted here.  In some cases, although no single trial error is sufficiently prejudicial to warrant reversal, the cumulative effect of several errors may still prejudice a defendant so much that his conviction must be overturned. *See Alcala v. Woodford*, 334 F.3d 862, 893–95 (9th Cir. 2003).  Where there is no single constitutional error existing, nothing can accumulate to the level of a constitutional violation. *See Mancuso v. Olivarez*, 292 F.3d 939, 957 (9th Cir. 2002).  Because only one error concerning the trial court's instruction on malice has been found, and that error was deemed harmless beyond a reasonable doubt, petitioner's last claim is DENIED.

### CONCLUSION

The state courts' denial of petitioner's claims did not result in a decision that was contrary to, nor an unreasonable application of, clearly established federal law, nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  Therefore, this petition is DENIED.

A certificate of appealability will not issue.  Reasonable jurists would not "find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Petitioner may seek a certificate of appealability from the Court of Appeals.  The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED.**

DATED: April 2, 2013

RICHARD SEEBORG
United States District Judge

No. C 05-3067 RS (PR)
ORDER DENYING HABEAS PETITION